MARY McGRATH, Respondent, *v.* DAVID Y. TALLENT, Appellant.

Practice.—Continuance.—Oral Statement.—Where upon a case being called for trial the attorney for the appellant moved for a continuance, and made an oral statement that his client was so ill as to be confined to his bed, and that his evidence was material to the cause, and respondent objected to the continuance; *held,* that the motion was properly overruled because no affidavit showing the facts, or the testimony expected to be given, was made.

New Trial.—Order Extending Time.—Notice.—Where an order is made extending time for filing and serving the statement upon motion for new trial, but no extension is granted for serving notice of motion and the time for service of notice elapses, the extension of time for filing statement does not extend the time for filing the notice.

Appeal.—Bill of Exceptions.—Waiver of Error.—Where the time to serve statement upon motion for new trial was extended for thirty days, and before that time elapsed, and before that time expired, five days additional time was granted wherein to file bill of exceptions, and thereupon, within the five days, the court rejecting the proposed paper as a statement upon motion for new trial, settled the same as a bill of exceptions; *held,* that such order was erroneous, but no objection having been made below to the order the same will not be entertained when made for the first time in the appellate court.

Ejectment.—Railroad Grant.—Exception.—Under the grant of lands to the Union Pacific Railway of every alternate section of land designated by odd numbers to the amount of five alternate sections per mile on each side of said railroad, on the line thereof, and within the limits of ten miles on each side of said road, not sold, reserved or otherwise disposed of by the United States, and to which a pre-emption or homestead claim may not have attached at the time the line of said road is

definitely fixed; provided that all mineral lands shall be excepted from the grant. Where in ejectment the plaintiff shows a deed from the Union Pacific Railway, and that the land is an odd-numbered section within ten miles of the railroad as located and operated, it is error to instruct the jury to return a verdict for the plaintiff without proof being made that the land did not fall within the exceptions to the grant.

APPEAL from a judgment of the district court of the first district and from an order overruling a motion for a new trial. The opinion states the facts, except that in his answer defendant denied that he was in possession of the premises, but this seems to have been overlooked by the attorneys for the parties.

*Messrs. Maloney and Perkins,* for the appellant.

*Messrs. Smith and Smith,* for the respondent.

ZANE, C. J.:

This is an action of ejectment to recover the land described in the complaint, and damages for its detention. The defendant filed an answer denying all the material allegations of the complaint. When the case was called for trial the defendant's counsel entered a motion for a continuance, and stated that the defendant was so ill as to be confined to his bed; that his testimony was material to the issues involved; that the statement was made upon the representations of defendant's physician, and that the attorney could not safely go to trial without the presence of defendant. The plaintiff objected to the continuance, and the motion was overruled. To this ruling of the court the defendant excepted, and assigns the same as error.

Section 3353, Comp. Laws Utah 1888, provides that a

motion to postpone a trial, on the ground of the absence
of evidence, can be made upon affidavit showing the
materiality of the evidence expected to be obtained, and
that due diligence has been used to procure it.   It further
provides that the court may require the moving party to
state in an affidavit the evidence which he expects to
obtain; and authorizes the adverse party to admit that
such evidence would be given, and that it be considered
as actually given on the trial, or offered and overruled,
and if such admission is made, that the trial shall not
be postponed.   The statement made by the counsel was
not sufficient to require a continuance.   It was not under
oath, and was not a statement of facts expected to be
proved.   A continuance will not be granted because of
the absence of a party, unless he is a material witness,
and, if so, the facts expected to be proved by him must
be stated under oath, unless the oath is waived.   It must
also appear that the party has used due diligence to be
present at the trial.   The ruling upon the motion to
postpone was not erroneous.

The case was tried by the court and a jury, and a ver-
dict was returned for the plaintiff on October 21, 1890,
and on the same day judgment was entered on the ver-
dict, and on motion of the defendant an order was made
giving 30 days thereafter in which to prepare and serve
a statement on a motion for a new trial, and staying
execution in the mean time.

Section 3402 of the above-mentioned book provides
that "the party intending to move for a new trial must,
within ten days after the verdict, * * * file with the
clerk and serve upon the adverse party a notice of his
intention, designating the grounds upon which the motion
will be made, and whether the same will be made upon
affidavits or the minutes of the court or a bill of excep-

tions or a statement of the case. * * * (3) If the motion is to be made on a statement of the case, the moving party must, within ten days after service of the notice, or such further time as the court in which the action is pending, or the judge thereof, may allow, prepare a draft of the statement, and serve the same, or a copy thereof, upon the adverse party." The above-mentioned order extended the time in which to prepare a statement of the case, and to serve the same, but did not extend the time in which to file with the clerk and serve upon the adverse party a notice of intention to move for a new trial. Extension of the time in which to prepare the statement and serve it does not include the extension of time in which to file and serve notice of intention to make the motion for a new trial. The language of the law is plain, and there is no room for construction.

We find no error in the order of the court refusing to settle the statement on which to submit the motion for a new trial. It also appears from the record in this case that on November 12th the motion for a new trial was set down for hearing on the 15th day of the same month, and that on the 20th, and within the thirty days given defendant to draft and serve a statement upon which to have a motion for a new trial, the defendant obtained another order, granting him five days further time in which to prepare, serve, and file a bill of exceptions. And on the 25th day, and within the five days additional time, the court made the following order: "The above was prepared as a statement on motion for a new trial, and the same, on motion of the plaintiff's counsel not to settle it on the grounds that it was not prepared in the time required by law, was allowed, and the said unsettled statement, over the objections of the defendant, was striken from the files, notwithstanding the defendant had thirty days from the 21st day of October, 1890, within

which to prepare, file, and serve statement on motion for new trial. The above (referring to the statement) is now presented to the court as a bill of exceptions on appeal, under section 3635, Comp. Laws 1888, and the same, having been examined by the court, is found to be in all things correct, and is hereby allowed, settled, and signed, and this bill of exceptions is hereby made a part of the record in this cause." The motion for a new trial was heard and overruled on the same day that the above order was made. No objection by the plaintiff in the court below to the order quoted, or to the hearing of the motion for a new trial, appears upon the record, nor does it appear that any exception was taken to the same. Under these circumstances, the court cannot treat the order as a nullity, and disregard the bill of exceptions. The action of the court in making it was erroneous, but the order was not void. The objection and exception to the order, and to the hearing of the motion for new trial on the bill of exceptions, comes too late, when made for the first time in this court on the argument of the case. We must regard the bill of exceptions as a part of the record.

The court directed the jury to find the verdict for the plaintiff on the evidence, and to this the defendant objected, and excepted. The record shows that a deed sufficient to convey any interest of the Union Pacific Railway Company in the land in dispute was made and delivered by it to the plaintiff; that the land was part of a section designated by an odd number; and that it is within three miles of the track of the road of that company, as constructed and operated. It also appears from the evidence in the record that the plaintiff had possession of the land before the defendant took possession. Upon this proof of title alone the plaintiff relied. The defendant in his answer denied all the material allega-

tions of the plaintiff's complaint, and the evidence proves that the defendant was in possession of the land at the time the suit was brought. That gave him a right to hold the possession against any other person who could not show title to it. The plaintiff was required to prove that she held title from the government to connect her title with the title the government held. The evidence fails to show a grant by patent from the government to any one. The plaintiff relied upon the act of Congress of July 1, 1862, and the act of July 2, 1864, amendatory thereof, to establish the grant of the lands to the Union Pacific Railway Company. The lands granted are described in the above-mentioned acts.

If all the sections indicated by odd numbers, within twenty miles of the line as constructed and operated, had been granted, the evidence would have been sufficient to identify the land in dispute as a part of it. But the grant did not include all of such lands. In section 3 of the act of July 1, 1862, is found the following language: "That there be and is hereby granted to the said company * * * every alternate section of public land designated by odd numbers, to the amount of five alternate sections per mile on each side of said railroad, on the line thereof, and within the limits of ten miles on each side of said road, not sold, reserved, or otherwise disposed of by the United States, and to which a pre-emption or homestead claim may not have attached at the time the line of said road is definitely fixed: provided, that all mineral lands shall be excepted from the operation of this act." 12 U. S. St. at Large, § 3, p. 492. And section 4 of the amendatory act mentioned amended section 3 of the act amended by striking out "five" where it occurs and inserting "ten," and by striking out "ten" where it occurs and inserting "twenty." 13 U. S. St. at Large, § 4, p. 358. The act above referred to

required the company, within a specified time, to designate the general route of its road, as near as might be, and to file a map of the same in the department of the interior. These acts granted only such of the sections indicated by odd numbers, and such parts of them as were not mineral, and as had not been sold, reserved, or otherwise disposed of. They expressly provided that the grant should not defeat or impair any pre-emption, homestead, swamp land, or other lawful claim, nor include any government reservation or mineral lands or improvements of any *bona fide* settler. If the land in dispute was included in any of the exceptions or reservations of law, it was not granted to the Union Pacific Company. No evidence was offered to show that the tract in dispute was not within any of such exceptions or reservations. Without such proof, we are of the opinion that the evidence was not sufficient to support the verdict, and that the court erred in instructing the jury to bring in a verdict for the plaintiff. The judgment appealed from is reversed, and the district court is directed to grant a new trial.

Anderson, J., and Blackburn, J., concurred.